IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDT McWHORTER, #Y47215,        )
                                  )
                  Plaintiff,      )
      vs.                         )        Case No. 23-cv-02365-SMY
                                  )
PHIL MARTIN,                      )
JOSH LANE,                        )
DAVID POOR, and                   )
WEXFORD HEALTH SOURCES, INC.,     )
                                  )
                  Defendants.     )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandt McWhorter, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Robinson Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for violations of his rights under federal and state law stemming from an alleged 2-plus year delay in treatment of his serious right ear disease at Robinson. Plaintiff's Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-14): Six months before he transferred to Robinson, Plaintiff was diagnosed with a mass in his right middle ear, hearing loss, and eustachian tube dysfunction following an episode of pain, bleeding, and drainage from his right ear on March 29, 2021. *Id*. at 4-6. Plaintiff brought documentation of this medical diagnosis to Robinson when he transferred there on October 1, 2021. *Id*. at 6. He immediately began filing written requests for treatment of the condition. *Id*.

1

Nurse Iknayan met with Plaintiff six days later on October 7, 2021 and advised him to bring the documentation to his upcoming doctor's appointment. *Id*. at 7.  He did not meet with the prison's physician, Dr. Poor, until October 19, 2021.  He reported "pulsing pain" in his ear and presented documentation of the right ear mass, hearing loss, discharge, disease, and recommendation for possible surgery. *Id*.  Dr. Poor referred Plaintiff to an otologist (a highly specialized ear, nose, and throat (ENT) doctor) and told Plaintiff he would be seen "soon." *Id*. at 7-8.   Wexford authorized the referral on October 25, 2021. Dr. Poor noted Wexford's authorization, HCU Administrator Martin reviewed it, and Record Director Lane placed it in his file. *Id*.

A year then passed without any treatment.  From October 19, 2021 until October 6, 2022, Plaintiff complained of crippling pain, infection, drainage, bleeding, and hearing loss.  He met with a nurse.  At the appointment, Plaintiff learned that the HCU staff was having trouble finding an otologist.  He wasn't seen by another specialist or prison physician.  Plaintiff submitted two grievances in October 2022, and they were denied in December 2022. *Id*.

In December 2022, Plaintiff was called to the HCU for a hearing test.  A nurse performed the test on December 13, 2022 and concluded that he passed all tested levels. *Id*. at 9.  Plaintiff learned that no action had been taken on the referral as of that date. *Id*.

Two months later, an unknown individual asked Wexford to authorize "audiology on site [for a] failed hearing test" on February 24, 2023. *Id*. at 10.   Plaintiff also received a recommendation for consultation with an ENT and use of a right ear hearing aid.  He continued submitting requests for treatment in the month that followed. *Id*.

Dr. Becker, a new physician, met with Plaintiff on March 28 and March 31, 2023. Dr. Becker noted severe right ear and neck pain and a "new large mass" in his ear.  The doctor was

unable to use an otoscope to perform an examination and, upon reviewing Plaintiff's records, recommended a referral to an "ENT ASAP" for "hearing loss and pain." *Id*. at 11.

Plaintiff filed a grievance requesting surgery on April 16, 2023, which was partially granted. The note indicated that Dr. Becker, HCU Administrator Martin, and Records Director Lane reviewed his case and noted difficulties finding an otologist to treat him. The doctor recommended referral to an ENT specialist instead. *Id*.

Plaintiff met with an ENT on May 11, 2023. The ENT observed complete blockage of his right inner ear, severe bone erosion, major inner ear hearing loss, and infection that touched his cranial bones. Immediate surgery and a hearing aid were recommended. Plaintiff was warned that the infection could be fatal. *Id*.

Plaintiff filed a grievance seeking surgery on June 4, 2023, and a grievance asking if surgery had been scheduled on June 13, 2023. *Id*. at 12. Records Director Lane responded, "[y]es" surgery was scheduled. *Id*.[1]

Plaintiff claims that the 2-plus year delay in treatment amounts to deliberate indifference, in violation of the Eighth Amendment, and medical negligence, in violation of Illinois law. He asserts both claims against Dr. David Poor (Robinson's physician), Phil Martin (HCU Administrator), Josh Lane (Records Director), and Wexford Health Sources, Inc. (private medical provider), and requests declaratory, monetary, and injunctive relief.[2] *Id*. at 14.

### Preliminary Dismissals

Plaintiff mentions several individuals in the statement of his claim who are not identified

---

[1] Plaintiff does not indicate whether he actually received surgery or any other treatment on or after June 2023.

[2] In the opening paragraph of his Complaint filed July 10, 2023, Plaintiff refers to Federal Rule of Civil Procedure 65 governing temporary restraining orders (TRO) and preliminary injunctions, but he does not request either. On July 11, 2023, the Court entered an Order (Doc. 6) inviting Plaintiff to file a separate Motion for TRO or Preliminary Injunction should he need emergency relief. To date, he has not filed a motion.

as defendants in the Complaint: Nurse Iknayan, Dr. Becker, and others.  Therefore, the Court will

not treat these individuals as defendants, and all claims against them are considered dismissed

without prejudice.  FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties").

### Discussion

The Court designates the following claims in this *pro se* action:

Count 1:    Eighth Amendment claim against Defendants for their deliberate
            indifference to Plaintiff's serious right ear condition from 2021-23.

Count 2:    Illinois medical negligence claim against Defendants for their failure to treat
            Plaintiff's serious right ear condition from 2021-23.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered**

**dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Count 1

The Eighth Amendment governs Plaintiff's claims for the denial of medical care.  U.S.

CONST., amend VIII.  To state a viable claim, a plaintiff must describe an objectively, sufficiently

serious medical condition, such as one that has been diagnosed by a physician as requiring

treatment or one where the need for treatment would be obvious to a lay person.  *Greeno v. Daley*,

414 F.3d 645, 653 (7th Cir. 2005).  Plaintiff's allegations regarding his right ear condition, marked

by pain, infection, and progressive hearing loss, satisfies the objective component of this claim at

screening.

The allegations must also suggest that each defendant responded to Plaintiff's serious

condition with deliberate indifference, which occurs when officials "know of and disregard an

excessive risk to inmate health."  *Greeno*, 414 F.3d at 653.  The alleged two-plus year delay in

treating the condition supports Plaintiff's claim of deliberate indifference against all three

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

individuals involved in his care. *Arnett v. Webster*, 658 F.3d 742 (7th Cir. 2011); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (delay in treating non-life-threatening but painful condition may amount to deliberate indifference where it exacerbates inmate's injury or unnecessarily prolongs his pain). Therefore, Count 1 will proceed against Dr. Poor, HCU Administrator Martin, and Records Director Lane.

To proceed with this claim against Wexford, Plaintiff must allege that a policy, custom, or practice attributable to the private medical corporation actually caused a violation of his constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff alleges Wexford approved one or more referral requests and an audiology request without delay. He mentions no policy, custom, or practice that caused his alleged constitutional injury. Therefore, Count 1 against Wexford will be dismissed without prejudice.

### Count 2

The Court will exercise supplemental jurisdiction over Count 2. *See* 28 U.S.C. § 1367.[4] In order to bring a negligence claim under Illinois law, a plaintiff must set forth allegations suggesting that each defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citation omitted). Plaintiff's allegations are sufficient to support a medical negligence claim against all three individual defendants, not Wexford.

The Court notes that Plaintiff has not provided the affidavit and medical report required by 735 ILCS § 5/2-622, which provides that a medical negligence claim be supported with an affidavit

---

[4] In a case containing federal and state law claims, a district court may exercise supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's allegations of negligence derive from the same facts as his federal constitutional claim.

stating that "there is a reasonable and meritorious cause" for litigation of the claim and a physician's report that complies with the requirements of the statute.  Plaintiff's omission of these documents is not dispositive of his claim at screening.  However, they must be submitted to survive summary judgment.  *See Young v. United States*, 942 F.3d 349, 351-52 (7th Cir. 2019).

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A.  **COUNTS 1** and **2** will proceed against **PHIL MARTIN, DR. DAVID POOR,** and **JOSH LANE**, in their individual capacities.  The official capacity claims against these defendants are **DISMISSED** without prejudice.  **COUNTS 1** and **2** are **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES, INC.** for failure to state a claim.

The Clerk shall prepare for **PHIL MARTIN, DR. DAVID POOR,** and **JOSH LANE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**Because Counts 1 and 2 arise from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

DATED:   October 6, 2023                     *s/ Staci M. Yandle*
                                                        **STACI M. YANDLE**
                                                        **United States District Judge**

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.